United States District Court
District for Massachusetts

Richard D. Clawson, (Plaintiff)          C.A._____
S.B.C.C. Box 8000, Shirley, Ma, 01464

Vs.                                      (Jury Trial Demand)

Norfolk District Attorney Officer's. (45 Shawmut Ave, Canton, Ma.-
1. Robert Keaton                                    -02021-38b)
2. Robert C. Cosgrove
3. William R. Keaton
4. P. Casey
(Respondents)

A.      Variefied Civil Complaint

B.           Introduction

1. Pursant to 42 U.S.C.A. 1983, The Plaintiff seeks Compensatory, Monitary relief from All Respondents in their Official & Individual capacity's for Instituting;[A] false prosecution and false Imprisonment that Deprived The Plaintiff of Liberty without Due-process of Law As Guarinteed by the 5th, 6th and 14th, amendments of the United States Constitution As Supported by Massachusetts Appeals court Decision -(Entered October -16 2001). Reversing the "Hearing... which held defendant Incarcerated After the "sentence out of Norfolk superior Court Indictments", (1994-96977 & 96978) Probation Revocation Proceedings Appealed to Mass. App. Court # [2000-P-503] Reversing The Superior Court Judgement of the Court on A Rule (30A) Motion to Release from

(1)

United States District Court
District for Massachusetts

Richard D. Glawson, (Plaintiff)         C.A._____
S.B.C.C. Box 8000, Shirley, Ma, 01464

Vs.                                     (Jury Trial Demand)

Norfolk District Attorney Officer's. (45 Shawmut Ave; Canton, Ma.-)
1. Robert Keaton                                    -02021-380
2. Robert C. Cosgrove.
3. William R. Keaton
4. P. Casey
(Respondents)

A.      Variefied Civil Complaint

B.          Introduction

1. Pursant to 42 U.S.C.A. 1983, The Plaintiff seeks Compensatory, Monitary relief from All Respondents in their Official & Individual capacity's for Instituting;[A] false prosecution and false Imprisonment that Deprived The Plaintiff of Liberty without Due-process of Law As Guarinteed by the 5th, 6th and 14th amendments of the United States Constitution As Supported by Massachusetts Appeals court Decision -(Entered October -16 2001). Reversing the "Hearing... which held defendant Incarcerated After the "Sentence out of Norfolk Superior Court Indictments",(1994 - 96977 & 96978) Probation Revocation Proceedings Appealed to Mass. App. Court # [2000-P-503] Reversing "The Superior Court Judgement of the Court on A "Rule (30A) Motion to Release from_

(1)

UnLawfull Restraint, Denial by the superior court, was Reversed; for Denying Plaintiff Due-process of Law; The Plaintiff was tortured for 3 years Imprisonment, to which he seeks relief for, In the amount awarded by A Jury; Notwithstanding; by the court in waived Jury session.

C.                    Parties

2. The plaintiff Is a United states Citizen residing in The Commonwealth of Massachusetts Institution At Address S.B.C.C. Box 8000 Shirley mass. 01464.

3. The Respondents Are All United States citizen Acting under Color of Law. Who all respondent are being sued in there Individual & official state capacity of Law for Damages, The respondents reside at there Place of employement at address. 45 Shawmut ave., Canton, Massachusetts, 02021-380

D.                    Jurisdiction

4. 28 U.S.C.A. 1331 et-seq § 1332 -To End; common Law Decisions Younger Vs. Harris 91 S.Ct. 746 (1971) & Steffel Vs. Thompson 94 sct. 1209 (1974); The (1934 Johnson Act. 28 U.S.C.A. 2201 et-seq. 2203, The 5th, 6th and 14th amendment, U.S.C.A. subject matter; cause; person; case; Final, original Jurisdiction as Granted by the 6th Article, U.S.C. Supremecy Clause, § 2, & Oath § 3, To Any claim under the United States Constitution enforcement clause as provided in protection of the Citizen under Clause 5 of the 14th amendment U.S.C.A. as Granted to Courts by

The common law **presidents** annunciated by the U.S. Supreme court under the **Constitutional** clause called U.S.C.A. Amend. 14 § cl. 1 citizen rights not to be Abridged by states. And cl. 5 congress shall have power to enforce which they set-out the Civil Rights provisions 42 U.S.C.A. § 1983 et-seq; Particularly Invoking the Citizens right, To "Life", "Liberty" protection are Guarinteed to be enveloped in protection by the 14th amend; U.S.C.A. Due process clause, and Equal protection of the Law Clause. Article 3 §1;2;3; Judicial Power over Jurisdiction.

E.        <u>Facts</u>

5. The plaintiff restates the above portion of this complaint and Incorperates the following facts as they procedurally occured to the letter; pertinent in part to support only facts.

6. In 10-25-1993 The Norfolk County Grand Jury Returned charging the then defendant with; 96977 count Alleging The defendant did Break & Enter in the day time the Dwelling house of Deborah Beck situated in Brookline, with Intent to commit a misdemeanor therein. Count 96978]... The Plaintiff then defendant with; Did Break and enter in the day time the building of the property of Dr. John Haule, with Intent to commit a felony therein, In Violation of G.L.c. [266 § 16]

7. MASS. GEN. LAWS, ch. 266 § 16, Indicates Breaking & entering Night time "ONLY" not in Day time.

8. In 10-25-93 The "Defendant **Now Plaintiff**" is Also Arraigned. In the Counts Of Breaking & Entering Day time with Intent to commit a felony 2 counts.

③

8. The docket Records by the Clerk Hand Notes reflect on (B & E-D/t. Attached to complaint marked (B).

9. On -10-4-94 Docket records Indicate, MCI-CJ = Mass-correction Institution 8-10 years conditional 5; years 9 Months to Serve. Balance suspended probation for 3 years. (Chernoff J.) 229 Day's Jail credit.

6. On 4-28-97 Plaintiff was released on split half of 8-To-10.

7. On **6-11-1997** A Default warrant was issued for Plaintiffs arrest.

8. 9/25/97 Default was removed capias withdrawn. Plaintiff was held in lieu of Bail. Court Appointed counsel Paul Carlucci Esq.

9. On 6-2-98 Court Held A Final Probation Surrender and found Plaintiff in violation of "Terms & Conditions" of probation at the Revokation Proceeding and Imposed The Remainder of the 8-To 10 sentence dated 10-4-094 with Credit for time served Allready. (Dortch OKara, J.)

10. On 6-29-98 a Notice of Appeal was timely filed.

11. Attorney Paul Carlucci filed Motion to withdraw and appoint substitute counsel. On (7-6-1998)

12. On 7-7-98 Motion to Withdraw and Appoint substitute counsel by Public counsel for Appeal.

13. On 7-7-98 (Dortch OKara, J.) Ordered appointment of counsel "Larry J. Colby."

14. On 7-31-98 Transcript were delivered to Attorney

(4)

Larry Colby.

15. 11-10-98 Plaintiff filed a pro-se petition for writ of habeas Corpus and affidavit In support.

16. On 11-20-98 Notice of Assembly filed to Appeals court.

17. On 6-3-1999 Massachusetts Appeals court Reversed The Superior Courts Ruling on The 6-2-98 Revocation of Probation on "specifically Indictment # 96977 Only."

18. The Department of Corrections held The Plaintiff. On Indictment 96977 As A result of An Amended Mitt.

19. On 7-23-1999 Attorney Larry Colby filed A motion for Unlawfull restraint pursuant to Mass.R.Crim.P.30A. to which the Superior court Denied.

20. On 10/26/2001 Effective date of Massachusetts appeals court ruling to Reverse the Superior Courts Order Denying plaintiffs Rule 30(A) motion to Release from Unlawfull Restraint.

21. It should be Noted, the plaintiffs motion pursuant to M.G.L.A.c. 248 § 1-To 25 Writ of Habeas Corpus filed on 11\10\98, was "completely Ignored."

22. It should Also Be Noted, The District Attorney's office Instituted a False Prosecution and roled with Into a Bogus Forced Plea, But No Help from Attorney "Clark" of the Norfolk County C.P.C.S. who Misinformed as to the Statutory Maximum & coerced Me Into Pleading Guilty to Unseen Indictments which I should Not Have Been Allowed to Plead Guilty to If the District Attorney's office

(5)

did not Institute an erronious prosecution Into the superior court in the first place, yet Kept Roling Dirty Hands with the false prosecution to forfill The sentence to the "End" After Admitting it was An mistake to give me ten years for A misdemeanor that the court could only sentence Plaintiff to the statutory maxumum of 6 month House of Correction A District court matter. And the second Indictment 96978 Alleged the statute of Breaking & Entering Night time, While the Indictment frased Breaking and entering Day time as the Police report Alleged the same "House with two count of Breaking & Entering day time. 96977-&-96978 see attachment-(A)(1) and letter from A.D.A. Robert Cosgrove Confessing Error to the 96977 Indictment and the fact, that Plaintiff was Never surrendered to the 96978 Indictment At the 6-2-98 Surrender Hearing (see Transcript Attached marked)(F).

22. The Plaintiff Claims he has been deprived Due-process of Law by the Willfull and Knowingly Bad Faith Acts, by Instituting a knowingly False charge before the court even After the Appeals court struck the sentence down on 6-3-1999. and continued to Hold the plaintiff Hostage Against his will with due-process of Law as Handed down by Massachusetts Appeals Court. on october 16-2001.

(7)

23. The Plaintiff served a total of 5 years 10 months, without Due-process of Law as the standard out Lines the Definition of Due-process of Law In the United state Supreme Court Decision.

E,  [Relief Requested]

24. Plaintiff request 1000,00 Dollars A Day. for every day spent in custody without Due-process of Law.

25. Any other relief the court Deem appropriate.

26. The Plaintiff states the above facts Are True to the Record of Events Under Penalties of perjury.

date. 10\13\04             Richard Glawson.

S.B.C.C. Box 8000, Shirley, MA. 01464

(7)