```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

RICHARD D. GLAWSON,               )
    Plaintiff,                    )
                                  )
     v.                           )   C.A. No. 04-12199-MLW
                                  )
                                  )
ROBERT KEATON,                    )
WILLIAM R. KEATON,                )
ROBERT C. COSGROVE, and           )
P. CASEY,                         )
    Defendants.                   )
```

MEMORANDUM AND ORDER

WOLF, D.J.

Plaintiff Richard D. Glawson, pro se, filed a claim for damages pursuant to 42 U.S.C. §1983. Defendant Robert C. Cosgrove filed a motion to dismiss on December 21, 2005. Glawson filed his opposition one week late on January 11, 2006. On February 27, 2006, the court issued an electronic order granting the motion to dismiss because the motion appeared meritorious and was not timely opposed.

On March 14, 2006, Glawson filed both the instant motion, which the court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), and an appeal of the court's judgment. The First Circuit denied the appeal because of Glawson's failure to file a brief in support as required by the Local Rules of the Court of Appeals of the First Circuit. Glawson v. Keaton, C.A. 06-1718 (1st Cir. Nov. 7, 2006). For the reasons discussed in this Memorandum, the motion for reconsideration is also being denied.

1

This court must deny Glawson's motion for reconsideration because it has no jurisdiction to consider the judgment from which Glawson seeks relief. Where it takes jurisdiction over an appeal, the Court of Appeals divests the district court of its control over those aspects of the case involved in the appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Spound v. Mohasco Industries, Inc., 534 F.2d 404, 411 (1st Cir. 1976) ("[A]fter the original appeal had been filed, the case remained in the district court only for procedures 'in aid of the appeal.'"). Moreover, a district court is bound by the mandate of a superior court. Insurance Group Comm. v. Denver & R.G.W.R.R., 329 U.S. 607, 612 (1947). Here, the Court of Appeals both took jurisdiction over and issued a mandate controlling the judgment that Glawson now challenges. Thus, the court may not further reconsider its previous judgment.

It would be a different matter if Glawson had filed his motion for reconsideration five days earlier. If a party files a Rule 60 motion within ten days of a challenged judgment, the notice of appeal is suspended until the resolution of the motion. F.R.App.P. 4(B)(i); Fed. R. App. P. 4 advisory committee's note. However, Glawson's Rule 60(b) motion was filed fifteen days after judgment was entered. Thus, the Court of Appeals properly took jurisdiction and Rule 4(B)(i) does not apply.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for

Rulings of Laws and Findings of Fact, (Docket No. 25), is DENIED.

 

_____       _____
                                                                               UNITED STATES DISTRICT JUDGE