United States District Court

C.A. 1.04 CV 12199 MLW

Richard D. Glawson (Plaintiff)

Vs.       Jury Trial Demand

1. The Norfolk County District Attorney's office, (Et Al) (Respondant)
2. Ex-AA Peter Casey

## Amended Varified Civil Complaint

A.   Introduction

1. Richard D. Glawson hereinafter the plaintiff hereby files this Amended Varified Civil Complaint pursuant to Fed.R.Civ.P. 15 And brings this 42 U.S.C.A § 1983 complaint Alleging False prosecution, False Imprisonment, That violated plaintiffs constitutional rights under the 5th, 6th & 14th amendments U.S.C.A. To Due-process, Equal protection of Law & The Freedom From Cruel & Unusual punishment, The right to be Free From Arbitrary & capriscious Law enforcement. At the Hands of Respondants. Plaintiff seeks compensatory monitary relief, punitive relief, for prosecutors maliscious intent to cause a deprivation of statutory & constitutional rights.

(1)

B.  <u>Parties</u>

The plaintiff is a United States citizen who resides At Cedar Junction At P.O. Box 100 S. Walpole, MA, 02071

The respondant is a United States Ex-Assistant Attorney general who resides At _____ & is being sued in his individual & official capacity.

C.  <u>Jurisdiction</u>

This court has original, final, and subject matter Jurisdiction, Federal Question Jurisdiction pursuant to 42 U.S.C.A § 1983, 28 U.S.C.A § 1343 §1331 & §1357. & supplimental Jurisdiction.

(1-A)

D.            <u>Facts</u>

2. On <u>10\28\93</u> The plaintiff was Indicted for Indictment # 96977 charging; Breaking & Entering ~~w\Intent to commit A misdemeanor~~ in violation of statute M.G.L.A. c 266 § 16(A)"In the day time."

On # 96977 Charging Breaking & Entering w/Intent to commit A Felony In violation of statute M.G.L.A. c. 266 § 16 Charging Breaking & Entering in the Night Time, out of Norfolk Superior court.

3. The Indictment was Instituted by Respondant.

4. On <u>10\4\1994</u> The plaintiff was conned into pleading guilty by his public pretender to what Transcripts report As A plea too simply put "Breaking & Entry", out of Norfolk Superior court.

5. The plaintiff recieved an 8 To 10 year split w/5 years 9 months to serve the balance suspended w/ 3 years probation on Indictment 96977 & on Indictment 96978 A concurrent sentence.

5. On <u>4\28\97</u> The plaintiff was released on the split portion of the Above sentence.

6. On <u>9\2\1997</u> The plaintiff was arrested.

7. On <u>6\2\98</u> the Norfolk Superior court began A probation surrender hearing against the plaintiff on Indictment # 96977 Only. found the plaintiff had violated his probation and Imposed the remainder of the 8 To 10.

8. On <u>6\1998</u> The plaintiff Filed A Notice of Appeal

(2)

9. On _____ Attorney Colby was appointed to represent the plaintiff on appeal from the probation surrender proceeding.

10. On _____ Appellate counsel argued his brief before the appeals court for Massachusetts.

11. Appellate counsel argued that plaintiff was only violated on Indictment 96977 charging Breaking & Entering with intent to commit a misdemeanor in the day time and carried a maximum punishment of 6 months in a Jail and Trial counsel was ineffective a result of not being able to have been givin the opportunity to Argue that fact.

12. The Assistant Attorney General Robert Cosgrove confessed error and the Appeals court reversed the Superior court decision Violating my probation on Indictment 96977 charging Breaking & Entering w/Intent to commit a misdemeanor (and gave the plaintiff Time served.

13. The Norfolk Superior court was also ordered to conduct a new probation surrender Hearing, In order with due-process to Hold the plaintiff in custody.

14. The department of corrections Held the plaintiff.

15. Appellate counsel filed a motion to release from unlawfull restraint. An Evidentuary hearing was held and the court denied the motions to which an Appeal was taken. Respondant Peter Casey Defended the Commonwealth.

(3)

16. Norfolk County District Attorney's office never innitiated another probation surrender hearing as ordered by the Appeals court.

17. In the Interum of the Appeal from the unlawfull Restraint motion the plaintiff was released from custody on a Good Conduct discharge meaning, he finished serving his 8 to 10 year sentence.

18. On _____ The Appeals court finaly made a ruling reversing the superior court ruling on the Evidentuary hearing which the Norfolk County District Attorney's office Defended After Confessing Error to the Appeals court, opposed to Telling the court that No due-process was Holding the plaintiff in Legal custody, And should be released from custody but chose to be tight Liped & Not Alert the court, and instead with All The Knowledge of Error, chose not to seek the truth and prosecute the plaintiff At the motion for release from unlawfull restraint, Evidentury hearing.

19. The Norfolk County District Attorney's office First Instituted A False prosecution on charge they well knew the superior court had No Jurisdiction over, see M.G.L.A.c. 274 § 1, "A crime punishable

(4)

by death or imprisonment in the state prison is a Felony. All other crimes Are misdemeanors.

20. The Respondants Are Veterans in the Law and clearly violated the plaintiffs statutory & & constitutional rights by Instituting a false prosecution, not once, but three, one by A Fraud upon the court by prosecutting a misdemeanor in superior court, twice by Allowing the court to sentence the plaintiff too a ten year sentence on A misdemeanor. 3rd by continued prosecution and detention After the state Appeals court put the Respondants on Notice of the wrong. clearly was conduct that was shocking Arbitrary and Capriseous and violated plaintiffs Freedom from such conduct as protected by the 5th amendment U.S.C.A. due-process of Law clause As made applicable upon the state through the 14th amendment U.S.C.A.; As well as violating the due-process of Law clause of the fourteenth amendment U.S.C.A. And the Equal protection of Law by the conduct of state prosecutors, prosecutting the plaintiff differently then those similarly situated As the plaintiff, within the same state prisons.

(5)

United States District Court

C.A. 1.04CV12199MLW

Richard D. Glawson (Plaintiff)

Vs.      Jury Trial Demand

1. The Norfolk County District Attorney's office, (Et AL) (Respondant)
2. Ex-AA Peter Casey

## Amended Varified Civil Complaint

A.  Introduction

1. Richard D. Glawson hereinafter the plaintiff hereby files this Amended Varified Civil Complaint pursuant to Fed.R.Civ.P. 15 and brings this 42 U.S.C.A § 1983 complaint Alleging False prosecution, False Imprisonment, That violated plaintiffs constitutional rights under the 5th, 6th & 14th amendments U.S.C.A. To Due-process, Equal protection of Law & The Freedom From Cruel & unusual punishment, The right to be Free From Arbitrary & capriscious Law enforcement. At the Hands of Respondants. Plaintiff seeks compensatory monitary relief, punitive relief, for prosecutors maliscious intent to cause a deprivation of statutory & constitutional rights.

(1)

B. <u>Parties</u>

The plaintiff is a United States citizen who resides At Cedar Junction At P.O. Box 100 S. Walpole, MA. 02071

The respondant is a United States Ex-Assistant Attorney general who resides At _____ & is being sued in his individual & official capacity.

C. <u>Jurisdiction</u>

This court has original, final, and subject matter Jurisdiction, Federal question Jurisdiction pursuant to 42 U.S.C.A § 1983, 28 U.S.C.A § 1343 §1331 & §1357. & supplimental Jurisdiction.

(1-A)

D.                    <u>Facts</u>

2. On <u>10\28\93</u> The plaintiff was Indicted for Indictment # 96977 charging; Breaking & Entering ~~w\Intent to commit A misdemeanor~~ in violation of statute M.G.L.A. c. 266 § 16A "In the day time."

On # 96977 charging Breaking & Entering w/Intent to commit A Felony In violation of statute M.G.L.A. c. 266 § 16 charging Breaking & Entering in the Night Time, out of Norfolk Superior court.

3. The Indictment was Instituted by Respondant.

4. On <u>10\4\1994</u> The plaintiff was conned into pleading guilty by his public pretender to what Transcripts report As A plea too simply put "Breaking & Entry", out of Norfolk Superior court.

5. The plaintiff recieved an 8 To 10 year split w/5 years 9 months to serve the balance suspended w/3 years probation on Indictment 96977 & on Indictment 96978 A concurrent sentence.

5. On <u>4\28\97</u> The plaintiff was released on the split portion of the Above sentence.

6. On <u>9\2\1997</u> The plaintiff was arrested.

7. On <u>6\2\98</u> the Norfolk superior court began A probation surrender hearing against the plaintiff on Indictment # 96977 only. found the plaintiff had violated his probation and Imposed the remainder of the 8 To 10.

8. On <u>6\1998</u> The plaintiff Filed A Notice of Appeal

(2)

9. On _____ Attorney Colby was Appointed to represent the plaintiff on appeal from the probation surrender proceeding.

10. ~~On _____ Appellate counsel Argued his brief before the appeals court for Massachusetts.~~

11. Appellate counsel argued that plaintiff was only violated on Indictment 96977 charging Breaking & Entering with intent to commit A misdemeanor in the day time and carried A maximum punishment of 6 months in A Jail and Trial counsel was ineffective A result of Not being able to have been givin the oppurtunity to Argue that fact.

12. The Assistant Attorney General Robert Cosgrove confessed Error And the Appeals court reversed the Superior court decision Violating my probation on Indictment 96977 charging Breaking & Entering w/Intent to commit A misdemeanor (And gave the plaintiff Time served.

13. The Norfolk Superior court was Also ordered to Conduct A new probation surrender Hearing, In order with due-process to Hold the plaintiff in custody.

14. The department of corrections Held the plaintiff.

15. Appellate counsel filed A motion to release from unlawfull restraint, An Evidentuary hearing was held and the court denied the motions to which an Appeal was taken. Respondant Peter Casey Defended the Commonwealth.

(3)

16. Norfolk County District Attorney's office never innitiated Another probation surrender Hearing As Ordered by the Appeals court.

17. In the Interum of the Appeal from the Unlawfull Restraint motion the plaintiff was released from custody on A Good Conduct discharge meaning, he finished serving his 8 To 10 year sentence.

18. On _____ The Appeals court finaly made A ruling reversing the superior court ruling on the Evidentuary hearing which the Norfolk County District Attorney's office Defended After Confessing Error to the Appeals court, opposed to Telling the court that No due-process was Holding the plaintiff in Legal custody, And should be released from custody but chose to be tight Liped & Not Alert the court, and instead with All The Knowledge of Error, chose not to seek the truth and prosecute the plaintiff At the Motion for release from unlawfull restraint, Evidentury hearing.

19. The Norfolk county District Attorney's office First Instituted A False prosecution on charge they well knew the superior court had No Jurisdiction over, see M.G.L.A.c. 274 § 1, "A crime punishable

(4)

by death or imprisonment in the state prison is A Felony. All other crimes Are misdemeanors.

20. The Respondants Are Veterans in the Law and clearly violated the plaintiffs statutory & & constitutional rights by Instituting a false prosecution, not once, but Three, one by A Fraud upon the court by prosecutting a misdemeanor in superior court, twice by Allowing the court to sentence the plaintiff too a ten year sentence on A misdemeanor. 3rd by continued prosecution and detention After the state Appeals court put the Respondants on Notice of the wrong. clearly was conduct that was shocking Arbittrary and Capriscous and violated plaintiffs Freedom from such conduct as protected by the 5th amendment U.S.C.A. due-process of Law clause As made applicable upon the state through the 14th amendment U.S.C.A.; As well as violating the due-process of Law clause of the fourteenth amendment U.S.C.A. And the Equal protection of Law by the conduct of state prosecutors, prosecutting the plaintiff differently then those similarly situated As the plaintiff, within the same state prisons.

(5)

21. The Respondant was in Knowledge of the fact That the 96977 Indictment was a misdemeanor that carried a maximum punishment of 6 months in Jail. statute M.G.L.A.c. 266 § 16(A)

22. The respondant had 1st sought the Indictments & was fully aware of the fact that the Grand Jury returned the Indictment Alleging A misdemeanor, but Allowed the plaintiff to plead guilty to 10 years for that Indictment, which is a False prosecution & A Fraud upon the court, & A clear statutory Violation of the plaintiff's Freedom From the loss of Liberty without due-process of Law As guarinteed by the 5th and 14th amendments U.S.C.A. & Freedom From Arbitrary & capriscious Law enforcement.

23. Respondant New the Appeals court ruled the statute had clearly violated the plaintiff's statutory rights, yet in the face of that ruling the respondant New the plaintiff hadn't recieved due-process of Law at the probation surrender hearing and At the Evidentuary hearing At the motion to release from unlawfull restraint, but remained silent and Failed to Alert the courts That the plaintiff was being held in custody without due-process of Law.

24. The respondants total conduct in this case is shocking coming from a state prosecutor.

(6)

25. Respondant casey prosecuted the Indictment, The plea Hearing & The unlawfull restraint & Evidentuary Hearing, which was reversed ~~by the Appeals court to which no Appeal was~~ taken.

26. The plaintiff assesses relief as follows;
Compensatory monitary relief      5,000,000.00
punitive Damages                  3,000,000.00
Total Damages requested           8,000,000.00

27. The plaintiff open to out of court settlement negotiations.

E.          Varification

The plaintiff states the above Facts to be true As recorded under penalties of perjury

Date_____                    Richard Glawson

                              MCI-Cedar Junction
                              P.O. Box 100
                              S, Walpole, MA, 02071

(7)